IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 15-cv-01342-RPM

ROCKY MOUNTAIN WILD;
SAN LUIS VALLEY ECOSYSTEM COUNCIL;
SAN JUAN CITIZENS ALLIANCE;
WILDERNESS WORKSHOP,

      Plaintiffs,
v.

DAN DALLAS, in his official capacity as Forest Supervisor;
MARIBETH GUSTAFSON, in her official capacity as Deputy Regional Forester; UNITED STATES FOREST SERVICE, a Federal Agency within the U.S. Department of Agriculture; UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency within the Department of the Interior,

      Defendants,

and

LEAVELL-McCOMBS JOINT VENTURE,

      Intervenor.

---

ORDER ON MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

---

Plaintiffs' Motion to Supplement the Administrative Record with Extra-Record Evidence (Doc. 53) requests the Court to re-designate much of the administrative record filed by Defendants to be "extra-record" evidence on which only Plaintiffs can rely, and further requests the Court to include additional documents as part of the administrative record as well.

As relevant here, the administrative record submitted by Defendants consists of evidence on seven DVDs, as follows:

- On November 13, 2015, Defendants filed a "Notice of Lodging of Administrative Record Documents" (Doc. 19). That filing included four DVDs, itemized below,

together with affidavits authenticating them and certifying them as the complete administrative record. The DVDs are as follows:

- DVD 1[1]: The Fish and Wildlife Service's Administrative Record, consisting of 7,183 pages (Bates numbered FWS000001 through FWS007183). This DVD is labeled "USFWS Administrative Record" and dated 11/05/2015.

- DVD 2: Forest Service's "conventional" Administrative Record for the Project, consisting of 18,142 pages (Bates numbered W00001 through W18142). This DVD is labeled "Volume 1 of 3" and dated November 9, 2015.

- DVD 3: Additional record materials Defendants say was found during an email search conducted "in response to concerns about the administrative record in this matter." Non-privileged materials collected in that search are on this DVD, Bates numbered C0000001 through C0039506. It is labeled "Forest Service Additional Record materials" and dated November 9, 2015.

- DVD 4: Additional records found during the search referred to concerning DVD 3, but containing materials as to which the Forest Service asserts privilege. This DVD contains an index of the materials as to which privilege is asserted, some redacted documents "where appropriate," and some materials "determined during privilege review not to be privileged." This DVD is labeled "Forest Service Additional Record Materials: Privilege Set" and dated November 13, 2015.

- On July 19, 2016, Defendants filed a "Notice of Lodging of Additional Administrative Record Materials" (Doc. 46). The Notice states that the "supplemental lodging consists of materials that the parties have agreed through conferral should be included in the record." That filing included three additional DVDs:

  - DVD 5: labeled "Administrative Record Vol. 5 of 7"; containing eleven PDF documents, Bates Nos. W18143-W18655; dated July 19, 2016.

  - DVD 6: labeled "Administrative Record Vol. 6 of 7"; containing

---

[1] The names "DVD 1," etc., are the Court's, for shorthand reference in this Order. They are not actually labeled as such.

> > Geographic Information System ("GFS") files, Bates No. W18656; dated July 19, 2016.
>
> > o  DVD 7: labeled "Administrative Record Vol. 7 of 7"; containing Geographic Information System ("GFS") files, Bates No. 18657; dated July 19, 2016.

Plaintiffs' Motion does not raise any issue with the Fish and Wildlife Service record (DVD 1) or with the Forest Service's "conventional" record (DVD 2). It relates only to the additional Forest Service record materials (DVDs 3 through 7) and to certain additional documents tendered as exhibits with the Motion.[2]

First, Plaintiffs argue that DVDs 3 through 7 should be considered only as "extra-record" evidence because no sufficient declaration or other evidence was filed to support their use as supplementation" of the Forest Service record contained on DVD 2. Defendants filed declarations with the designated records, stating under oath that the included materials were considered directly or indirectly by the Forest Service in making the decisions challenged in this case. Courts "assume that the agency properly designated its record absent clear evidence to the contrary." *Center for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010) (quoting *Bar MK Ranches v. Yuetter,* 994 F.2d 735, 740 (10th Cir.1993)). Plaintiffs have submitted no evidence showing that the record designated by Defendants was incomplete or otherwise improperly designated. Therefore the documents on these DVDs are properly part of the administrative record and are not "extra-record" evidence.

Second, Plaintiffs seek to include their Declarations supporting standing (Docs. 53-1 through 53-4) as part of the administrative record. Those Declarations are properly included as

3

part of the Court's record in this APA review proceeding, but were not part of the record reviewed by Defendants in making the challenged decisions and therefore are not properly part of the administrative record.

Third, Plaintiffs offer certain additional documents to supplement the record that are duplicates of documents already in the record (Docs. 53-5, 53-6, 53-7, 53-9, 53-10, and 53-11). Because these are duplicates there is no need for supplementation.

Fourth, Plaintiffs offer three documents the Court finds are appropriate supplementation of the record. Defendants do not object to Doc. 53-12. Doc. 53-8 contains internal agency discussion of how to respond to a public question about FOIA, but also includes a forwarded email from a member of the public concerning the land exchange that is appropriately included as part of the record. Doc. 53-13, an email with no substantive content, forwarding another email already in the record, appears to be part of the agency record, or at worst is substantively harmless.

Fifth, Plaintiffs seek to supplement the record with the August 2016 scoping notice for the Meadow Lift project proposed for the Wolf Creek Ski Area. Plaintiffs have cited no authority for including this document, which came into existence after the final agency decision at issue in this case, as part of the record of the agency decision.

Based on the foregoing, it is

ORDERED that the Motion is GRANTED with regard to Docs. 53-8, 53-12, and 53-13;

---

[2] The Motion contests the privilege designation of any of the documents on DVD 4.

and it is

FURTHER ORDERED that the Motion is DENIED with regard to all other documents; and it is

FURTHER ORDERED that Plaintiffs' standing Declarations, (Docs. 53-1 through 53-4), although not part of the administrative record, are accepted as part of the Court's record in this proceeding.

DATED: May 19, 2017

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge